I'm Jennifer Walker-Gates, attorney for the petitioner in this case, Adalberto Benitez-Rodriguez. We have brought this appeal to you because the BIA held in an unpublished decision that the government is not required to bring a specific charge of inadmissibility under the VAWA cancellation of removal provision in order to disqualify an applicant for that relief from eligibility. This holding is inconsistent with the board's prior published precedent, as well as with the plain language of the statute and the legislative history behind the statute, all of which indicate that Congress intended that an applicant for VAWA cancellation of removal must be charged specifically with a disqualifying ground of inadmissibility or deportability in order to be ineligible for that relief. But do they have to be charged with all the grounds, what if there are five grounds? No, Your Honor. There are approximately two dozen grounds under the inadmissibility provision referenced in VAWA cancellation. Only one of those would need to be charged and sustained in order to disqualify an applicant. Isn't that what happened here? He was charged with alien present without admission on parole. Why doesn't that suffice? That doesn't suffice because that is not one of the disqualifying grounds for VAWA cancellation of removal. The disqualifying grounds for VAWA cancellation of removal have to do with inadmissibility, which are related to criminal acts and convictions. Such as drug possession that your client had. Excuse me? Such as the drug possession conviction. Correct, Your Honor. So if the government had fulfilled its duty to bring a charge under the inadmissibility provision related to possession of marijuana and sustained that charge, and the judge had found it sustained, then my client would have been disqualified. However, the government never even attempted to do that. How, just step back a little and just describe how your rule would work in terms of, where is it that the government would have to assert this? In the notice to appear? That's correct, Your Honor. In the notice to appear, which can be... But at that point, the alien hasn't yet invoked a request for relief under special cancellation. Right? The alien's getting the notice and then it's his affirmative burden, correct? That's correct. It would seem... How would the government be able to guess that that's the relief he's going to ask for? Well, the government has the ability to amend the charging document... Okay, so therefore... But therefore, your argument isn't that it would be in the notice to appear. It would be that once the request for special relief has been made, there's an affirmative duty to amend. Is that your position? If the government chooses to bring a disqualifying ground of inadmissibility, then yes. They would need to amend... But therefore, your position to make it work, it would have to be that. That this isn't governed by the CFR regs relating to notice to appear. This is a separate duty in the law to amend the notice to appear. If the disqualifying ground wasn't initially brought as the basis for removal of this individual, then yes, they would need to amend the NTA if they chose to bring that disqualifying ground. But the burden is on the alien to demonstrate. Yes, it is, Your Honor. In this scenario, this timing sequence, that's not what happened here. Correct, Your Honor. And the reason... We're not trying to shift the burden to the government. The burden remains on the applicant to prove eligibility for relief. You're saying there's a burden of production that's distinct from a burden of proof. Exactly. There is an initial burden to bring a charge of inadmissibility is always required by the government under every removability case. In VAWA cancellation of removal, there is a special carve-out in the law. But again, I'm going to write on chronology. The government fully satisfied the CFR regs 1003 as to the notice to appear. They just say, you know, this is why you're not admissible. Then your client says, well, VAWA special relief. Then your position, the legal position you're asking us to write, is that the government then has an affirmative statutory duty to amend to respond to that? That's correct, Your Honor. And what's the best case that describes that duty to amend a valid notice to appear? The board's published decision in matter of AM, the individual's name was Adelina Martinez, and that's how it was initially published. Then it was amended to matter of AM. The citation is 25INN decision 66BIA. This is in the briefs? No, Your Honor, it is not in the brief. Okay. That's a long citation. If the presiding judge permits you, you ought to supplement that because if this is your best authority, it isn't the Chin case and it isn't Forti's. This is a new authority? That's correct, Your Honor. I would be happy to supplement. In this case, the BIA carefully examined the legislative history behind VAWA cancellation of removal. They were looking at the question of whether a lawful permanent resident was allowed to apply for VAWA cancellation of removal in spite of the fact that it was titled cancellation of removal for non-permanent residents. Are you arguing a case that was not in your brief? That's correct, Your Honor. I don't know how opposing counsel is going to be able to counter what you're saying. That's why we have briefs, so you put the authorities in the briefs. I understand, Your Honor, and I regret that it isn't in there. It is not cited either by the government or by the BIA in spite of the fact that it's their own precedent-published decision. That doesn't matter. Therefore, you're just saying let's start back with the statutory language maybe. Okay. The statutory language is unique in the VAWA cancellation of removal provision. The statutory language says that an individual can be inadmissible and apply for this relief as long as they are not inadmissible under Section 212A2 of the INA, which is the section related to criminal acts and inadmissibility for crimes and convictions. This language, not inadmissible and not deportable, distinguishes the VAWA cancellation of removal provision from the other cancellation of removal provisions in this section. Those sections for non-permanent residents and permanent residents who are not abuse survivors disqualify applicants on the basis of convictions. And inadmissibility is a term of art that requires an act, a criminal act or a belief by the government that needs to be alleged and then found by the judge. It is not simply fact-based as a conviction would be. So what's compelling about this term is that it's much easier to trigger inadmissibility under the VAWA cancellation of removal provision than it is in the other cancellation of removal provisions. And this makes it incongruent because Congress has consistently demonstrated an intent to make cancellation of removal for abuse survivors more generous, more easily accessible, more available than the other cancellation of removal provisions. So having a hair trigger on bars to relief in this provision can only be harmonized if it is, in fact, intended to be read in the same way that the previous version of VAWA suspension of deportation was read. Under matter of Ching and under matter of Fortis, that provision unquestionably required the government to bring and support a charge of inadmissibility or deportability to disqualify an applicant in order for them to be disqualified. When you say unquestionably under the BIA law but the circuits were in some disagreement and government even Yes, Your Honor, and I believe this circuit never made a decision specifically on that issue. The BIA, however, was very clear that under suspension of deportation, the government needed to bring a specific disqualifying charge and support that in order for an applicant to be disqualified. In the decision In a simple sense, what Congress has done is set up a lot of different formulations. You don't get relief if you've been convicted of something, 212 list. That's easy, and you wouldn't have to charge it, the person is or isn't. Then you've got the Ching-Fortis world of don't get relief if is deportable, and that's where the BIA had said the position you're urging us to say. What we're looking at here is statute that says you don't get relief if you're not inadmissible. That's correct, Your Honor. You're asking us to pull the authority from that language into applicability here. The congressional history, the conference reports that underlie VAWA cancellation of removal are very specific about the fact that Congress intended to restate the former suspension of deportation provision in the new VAWA cancellation of removal provision. In contrast, the other two cancellation of removal provisions that are now in the INA that were enacted in 1996 with the passage of IRA-IRA were intended to replace former 212C waiver of deportability and former suspension of deportation for non-abuse survivors. However, the word restate is used in the conference reports with respect to the VAWA cancellation of removal provision. For that reason, an individual needs to be charged just as they were under suspension of deportation. The legal rules that applied under suspension of deportation have been restated in the cancellation of removal provision. That is why that's also the only way to harmonize the not inadmissible, not deportable language is that it tracks and reflects the same rules that were applicable under suspension of deportation. So under VAWA cancellation of removal, if an individual has a conviction for an aggravated felony, the statute is very clear. If you are convicted of an aggravated felony, you are ineligible for VAWA cancellation of removal. However, the term not inadmissible needs to be charged, supported, and found by a judge in order to trigger that bar to relief. That is the only way that this language makes sense in the context of VAWA cancellation of removal. The remainder of the statute allows applicants for VAWA cancellation of removal much lower standards with respect to good moral character, with respect to physical presence. There is no stop time rule that applies in this context. The hardship standard is much lower. Legislative amendments have consistently opened and expanded access to VAWA cancellation of removal. And so the only way it makes sense for there to be such an easily triggered bar in this context is if the government needs to bring and support a charge of inadmissibility under the statute. One example of a ground of inadmissibility under INA section 212A2 is that an individual can be found inadmissible if DHS has reason to believe that he or she is the family member, the spouse or child of someone involved in criminal activity, for example. That's a long way from a conviction. Being related to someone who is involved in criminal activity could make someone potentially ineligible for VAWA cancellation of removal. And if those kinds of bars to eligibility are able to just be pulled out of thin air without a charge and without supporting documentation brought by the government, then it renders the VAWA cancellation of removal provision much more restrictive and more difficult for many people to access than the other cancellation provisions, which are only triggered, the bars are only triggered by convictions. And so for that reason, we urge the court to find that the government does need to bring, only for VAWA cancellation of removal, they do need to bring a specific charge of inadmissibility or deportability and have that charge sustained in order for someone to be barred from receiving relief under that provision. Someone may have to rewrite the statute, but it won't be us. We don't get to do that yet. I understand, Your Honor. Sometimes. Right. Any further questions? You've saved some time for rebuttal, if you'd like to. Yes, Your Honor, I have. Thank you. Mr. Jolly. May it please the court. My name is Lance Jolly. I represent the respondent of the United States Attorney General. The plain language of the Immigration and Nationality Act instructs that petitioner is not eligible for special rules cancellation of removal. As set forth in the INA, the government notifies the alien of the basis in which it is seeking the alien's removal with the filing of a notice to appear. As this court said in Ailand v. Marshall, all that is required is that the government inform the accused of the specific allegations, which, if proved, would justify the actions sought to be taken. Petitioner, the government notified petitioner that the petitioner was unlawfully present and thus removable. Petitioner conceded her inadmissibility under 212A6AI. An alien who seeks relief for removal has the burden to show that he or she is eligible for such relief, and, if applicable, that the relief should be granted in the exercise of discretion. Specifically, with respect to special rule cancellation of removal, an alien, inadmissible or deplorable, must demonstrate that the alien is not inadmissible under paragraphs 2 or 3 of section 1182 of Title VIII. Petitioner did not show that he was not inadmissible. Instead, petitioner merely argues that such a failure was nullified because the government did not allege that she was inadmissible on this basis in this notice to appear. As in Eyalund, it might have been better for the government to inform petitioner that his conviction might render him ineligible for relief, but there is no authority for holding such detail in the notice to be statutorily or constitutionally mandated. Where do we find the regulations relating to an amendment of a notice to appear? I suspect it's either in Part 239 or Part 1239, which corresponds to INA Section 239, which is... So what happens in these, you must know the real sort of ground-level workability. Government sends a notice to appear, and it doesn't refer to the reason for inadmissibility. It will just say, is inadmissible, broad, right? Could encompass a lot. Then the alien pleads special cancellation. The government counters and says, well, no, you're not eligible for the following reason. Where does the alien then, for the first time having been informed of one of many reasons for not inadmissible, what's the opportunity to rebut that? Before the immigration judge, they can rebut it. But with what opportunity for pleading? Because I guess the world I'm imagining is the government responds, oh, well, we've got this perhaps slightly obscure reason. We never articulated it when we told you to appear and respond. And then you say, and we don't dispute, you were abused, so VAWA kicks in. There could be a special cancellation. But then the government pulls out the reason this alien's ineligible. You're saying that at that point the alien's got to just be able to respond whatever the reason the government pulls out is? First, in this special case, because the inadmissibility ground is unlawful presence, petitioner even had the initial burden to show that he was not inadmissible under 8 CFR 1240.8 subsection C. The government only had to approve alienage in this specific case. In the general case, getting to your question, the government does have the initial burden to show their inadmissibility or removability. And when it comes to the relief, the alien has the burden to show that they're ‑‑ Well, the burden of proof. But the question here is the burden of production. Who's got to notify? Does the government have an affirmative duty to notify what the basis is? I do not believe so. Well, of course you're saying that. But obviously you do have in the different context the series of BIA decisions, divergent, I mean within themselves, not accepted by all circuits, that did impose on the government that affirmative duty. With Ortiz. Yeah. And Ching. And Ching, as we explained in the brief, it's a suspension of deportation case. And the language of the suspension of deportation statute does not clearly delineate the first part of the proceedings where the inadmissibility or deportability of the person and the relief aspect of a case. It was kind of merged. And the special rules of cancellation removal bifurcates the plain language of the statute. The statute's different. But is the government's position that those decisions were wrongly decided even under that statutory language? Or do you embrace that obligation? The board, in this case, distinguished. I know that. But I'm asking what the government's position is as to the validity of that line of authority. Because the circuits have disagreed. In your brief, you said we decided it in the Lopez‑Elliott case. I don't read the Lopez‑Elliott to say that. So I'm just wondering whether you think, as did that statute, Ching and Ortiz are correct. The board, maybe I'm not understanding the question. But here the board did not overrule Ching. It distinguished it. It distinguished it. What's the government's position as to the validity of Ching and to Ortiz? As far as suspension of deportation cases, Ching is still valid. Okay. Let's see. This court's interpretation of the term is removable in 242A‑2C in Lopez‑Elliott supports the conclusion that a ground of inadmissibility does not need to be charged to have immigration consequences. Even if the language is not considered plain, the board reasonably and persuasively distinguished language in statute with language used in prior forms of discretionary relief. We've already talked about Ching. And for Ortiz, the context was entirely different. It's the 212C. It's a waiver of deportability ground versus a criteria for relief. As the board reasoned, the fact that an alien has not been charged as inadmissible for an offense does not mean that he or she automatically has the status of being not inadmissible. The INA allows the Attorney General to waive an alien's removability for domestic violence offenses for an alien who has been better subjected to extreme cruelty and who is not and was not the primary perpetrator of violence in the relationship. There's no evidence that Congress intended crimes other than domestic violence to be waivable. The text of INA section 237A It's quite clear that Congress intended to make the cancellation for the for removal of victims of domestic violence more easily obtainable. Correct. But then you stop at that point and nothing else in your processes do that. You don't even have to tell them what the basis of it is. Why shouldn't it Why isn't it a reasonable reading of the implementation of the congressional directive here that you at least require the government to inform the basis of its proceeding? I mean, you don't exactly facilitate the access to this particular provision by saying King's X when they come forward with it. We have an answer to that. We didn't tell you about it, but here it is. It's the marijuana. If it's marijuana, why don't you say so up front? I mean, the practicality of it. That's what the case is about, isn't it? The Department of Homeland Security has the discretion to seek removal for whatever reason, as far as it can prove. Here, DHS only sought to remove petitioner for his unlawful presence. In order to counter that, he had to show his eligibility for relief. It's ironic that your position is really arguing against the government having any discretion. The position you're asking us, I think, to rule on is that it's equivalent to convicted of. So the position you're urging is that the government has no discretion in terms of VAWA special relief because if the marijuana conviction's there, whether it's charged or not, it disqualifies them. So as I understand the argument, you're asking for less authority on your behalf. It means whenever that exists, no relief. As far as eligibility for relief removal, yes. If there's a 212 event, no discretion. The government can't, how it charges, can't get around it. That's the position the government's taking? Again, yeah, plain language of the statute. I know what the statute says. I'm just trying to get if the government's really thought through all the consequences of the position it's taking. So it's the government's position right now that if there's a disqualifying 212 conviction, no matter how it comes to anybody's light, there is no discretion. It doesn't need to be charged. It doesn't need to be informed. If it just comes up, then no VAWA discretion. That's the position, right? It's petitioner's burden to establish their eligibility for relief removal. So, yeah. Then suppose the same facts as our case, and the marijuana's not brought up, period, you didn't charge it and didn't bring anything. You're before the administrative agency, and somebody says, are there any prior convictions here of marijuana or any drug convictions here? And they said, well, yeah, as a matter of fact, there was marijuana. I'll have to get out of here. In other words, I don't read the law as saying that a prior conviction of marijuana necessarily is inevitably preclusive of the exercise of discretion under this particular abuse. Well, there are, at least for, there's 212H for simple possession of marijuana, where you can waive certain inadmissibility grounds. The board, in a matter of YMP, stated that it does not apply in the special rule cancellation or removal context. But petitioners are, aliens are frequently fingerprinted before an immigration judge can grant relief for the sole purpose to see if there's a disqualifying conviction. So, yes, it happens. And the immigration judge and the board followed the law as Congress wrote it. But you don't, you wouldn't, when you, anyway, I guess we've beaten that horse to death. Yes. If there's not another horse to beat, the court should deny the petition for review. All right, thank you. All right, Ms. Gates, do you have anything to add? So, just to clear up a couple of points. The government's reliance on Allend versus Marshall in this situation is misplaced, because no one is arguing that the government needs to charge every possible ground of inadmissibility or deportability that could possibly exist, but rather one of the two dozen or so that are specifically referenced in the statute as disqualifying an individual. The government has access to an individual's criminal history, complete criminal history, as soon as they arrest them. As soon as they process them and look at their fingerprints and interview them, they have access to the individual's complete criminal history. At that point, they have an opportunity to bring in charge of inadmissibility based on a criminal history, if that exists. If that arrest exists, as a matter of law, is the special rule consolation available or not? Excuse me? The question? If it's a fact that you have this prior conviction for marijuana, is that universally disqualifying the illegal from the special benefits of the special rule consolation for removal? No, Your Honor. The statute and the legislative history would require the government to charge the ground of inadmissibility that disqualifies that individual from special rule consolation. In terms of procedural response to my question, is the conviction for marijuana automatically a disqualifier, such that the person is no longer—has available to it this particular consolation provision, period? Regardless of burden, whose burden it is to bring it forward? The special rule consolation says that— As I understand it, it contemplates that even though they look in the record and they see an arrest violation or a conviction violation, that they nonetheless could—the government still has the discretion and the power to utilize this provision. Is that correct or not? Or not? If I understand the question, the fact of a conviction is not what disqualifies someone from applying for and receiving special rule consolation. Because the statute says not inadmissible, there has to be a disqualifying act that triggers the inadmissibility and a finding by the judge. INA Section 240 is the portion of the Immigration Nationality Act that outlines the requirements for initiating removal proceedings, and it specifically says that the government does have to identify the grounds under which they are seeking to remove this individual. If my client hadn't applied for special rule consolation, if he had no application for relief, then simply being in the United States unlawfully would have been sufficient to remove him. But because he's a survivor of family violence, and that is documented, and because even the immigration judge conceded that but for this inadmissibility that he found, even without a charge, my client would have been eligible for the relief. I think a variant of the question is you're arguing that the government's got more authority and discretion, and they're arguing against their own ability to have discretion. Which is inconsistent with BIA precedent as well. In a matter of ERM, LRM, the BIA found quite clearly that DHS, the executive branch, has the authority to charge an individual or not, however they see fit, in a removal proceeding. Let's say they did charge the 212 violation in the notice to appear, and then you say I want VAWA relief. Yes. In your opinion, would they then be able to say, you know what, we thought about the equities and forget that we charged it? Yes, they would. And the government's, okay. As I heard the government, they don't think they have that discretion. I mean, yes, Your Honor. I think that in some states in this country, a possession of marijuana conviction may start to look as silly to people as a possession of alcohol conviction might look to us at this point. And so in considering the equities, it doesn't make sense that Congress would have made this relief unavailable on so many bases without having any avenue for relief. And as the government pointed out, the 212H waiver, which is available to waive possession of marijuana for other individuals, for non-abuse survivors, has been held not to apply in this context. So the only way to make sense of this language is to read it as requiring the government to bring a specific charge and support it in order to disqualify an individual. Thank you. Thank you.